[Cite as *Rebol v. Ohio Dept. of Transp.*, 2011-Ohio-7068.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANTHONY REBOL

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-09870-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}    Plaintiff, Anthony Rebol, asserted that he suffered property damage to his automobile on June 9, 2011, while traveling on I-77 northbound in Cleveland "due to water running across the road." Specifically, plaintiff maintained that his car was damaged when he drove through a liquid substance that was sprayed into the air by other cars. Plaintiff related that "[w]hat I thought to be a spray with road dirt turn out to be tar." Plaintiff claimed that the tar could not be washed off and that he hired two persons to hand rub the substance from his car.

{¶2}    Plaintiff contended that defendant, Department of Transportation ("DOT"), should bear liability for his property damage caused by the tar. Therefore, plaintiff filed this complaint seeking to recover $126.37, an amount representing the cost of tar removal products, labor, car wash fees, photographs of the damage, and replacement wiper blades. Plaintiff submitted photographs depicting the damage to his car. The photographs show a black, speckled tar-like substance splattered across the front bumper, side panels and wheels of the car. The filing fee was paid.

{¶3}    Defendant located plaintiff's event between mile markers 161.48 and

163.10 in Cuyahoga County. Defendant denied liability in this matter and maintained that DOT was unaware of any problems with roadway pavement conditions on Interstate 77 prior to plaintiff's stated incident. Despite the fact that over 68,000 vehicles normally travel on the particular portion of I-77 in the course of a day, defendant denied receiving any complaints concerning standing water or tar on the roadway on June 9, 2011. Defendant suggested, "that the tar existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted plaintiff failed to establish the length of time the tar existed on the roadway prior to his property damage event.

{¶4} Defendant related the ODOT "Cuyahoga County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no tar was discovered in the vicinity of plaintiff's incident on I-77 the last time that section of roadway was inspected before June 9, 2011. Defendant did submit a six-month maintenance history of the specific roadway area in question which recorded 260 maintenance operations were performed in the relevant area of I-77 during the time frame covered. Defendant stated "if ODOT personnel had detected any defects they would have been promptly scheduled for repair." Defendant argued plaintiff failed to produce evidence to show his property damage was proximately caused by negligent maintenance on the part of ODOT.

{¶5} Plaintiff filed a response asserting that he notified ODOT employee Ed Bais after the event occurred. Plaintiff explained that he did not see workers or ODOT vehicles in the area, he merely observed what appeared to be water "flowing onto I-77 in the Slavic Village area, cars slowing down and spraying cars behind them, of which my car was one which was sprayed with tar. I have no idea how the water or tar got there."

{¶6} Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E.2d 1179. Plaintiff, however, has not produced sufficient evidence to show his damage was proximately caused by roadway repavement activities.

{¶7} Defendant has the duty to maintain its highway in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 361 N.E.2d 486. However, defendant is not an insurer of the

safety of its highway. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E.2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E.2d 864.

{¶8} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198.

{¶9} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶10} Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that his property damage was caused by a defective condition created by ODOT or that defendant knew about the particular tar condition prior to the evening of June 9, 2011.

{¶11} Ordinarily, to recover in any suit involving injury proximately caused by

roadway conditions, plaintiff must prove that either: 1) defendant had actual or constructive notice of the condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove that ODOT had actual notice of the damage-causing condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition or evidence to establish negligent maintenance.

{¶12} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the fact of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶13} Plaintiff has suggested in his response that the tar was present on the roadway no more than one to two hours before his car was damaged. Plaintiff has not shown that defendant had actual notice of the condition. Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the tar on the roadway.

{¶14} Plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition or conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-

AD.

{¶15} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing substance at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant proximately caused the damage. *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD; *Husak v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-03963-AD, 2008-Ohio-5179.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANTHONY REBOL

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-09870-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Anthony Rebol
21101 Nicholas Avenue
Euclid, Ohio  44123

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

SJM/laa
11/3
Filed 11/9/11
Sent to S.C. reporter 4/5/12